| | | |
|---|---|---|
| AOC-104  Doc. Code: CCCS<br>Rev. 12-20<br>Page 1 of 1<br><br>Commonwealth of Kentucky<br>Court of Justice   www.kycourts.gov | **CIVIL CASE COVER SHEET** | **21CI02624**<br>Case No. _____<br>Court **CIRCUIT**<br>County **JEFFERSON**<br>Division _____ |

**JENNIE V. WRIGHT ET AL**   PLAINTIFF/PETITIONER

VS.

**LOUISVILLE METRO GOVERNMENT**   DEFENDANT/RESPONDENT

Filed stamp: DAVID L. NICHOLSON, CLERK, MAY 6 - 2021, JEFFERSON CIRCUIT COURT, BY _____ DEPUTY CLERK

[ ] Check here if **YOU DO NOT HAVE AN ATTORNEY** and are **REPRESENTING YOURSELF** (a Self-Represented *[Pro Se]* Litigant)

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE**. If you are making more than one type of claim, check the one that you consider most important.

**DOMESTIC RELATIONS**
- [ ] Dissolution/Divorce with Children (DISSO)
- [ ] Dissolution/Divorce without Children (DISSO)
- [ ] Paternity (PA)
- [ ] Custody (CUSTO)
- [ ] URESA/UIFSA (UR)
- [ ] Visitation/Parenting Time (VISIT)
- [ ] Voluntary Termination of Parental Rights (TPR)
- [ ] Involuntary Termination of Parental Rights (TPR)
- [ ] Adoption (ADPT)
- [ ] Other: (DFOTH) _____

**TORT (Injury)**
- [ ] Automobile (AUTO)
- [x] Intentional (INTENT)
- [ ] Malpractice-Medical (MDML)
- [ ] Malpractice-Other (MLOTH)
- [ ] Premises Liability (PREM)
- [ ] Product Liability (PROD)
- [ ] Property Damage (PD)
- [ ] Slander/Libel/Defamation (SLAND)
- [x] Other: (PIOTH)

**CONSUMER**
- [ ] Seller Consumer Goods (DEBTG)
- [ ] Seller Consumer Services (DEBTS)
- [ ] Buyer Consumer Goods (BUYERG)
- [ ] Buyer Consumer Services (BUYERS)
- [ ] Credit Card Debt (CREDIT)
- [ ] Fraud (FRAUD)
- [ ] Other: (COOTH) _____

**PROBATE / ESTATE**
- [ ] Guardianship-Adult (GCADLT)
- [ ] Guardianship-Juvenile (GCJUV)
- [ ] Guardianship-Conservatorship (CONSVA)
- [ ] Probate-Testate (with a will) (PB)
- [ ] Probate-Intestate (without a will) (PB)
- [ ] Petition to Dispense with Administration (PB)
- [ ] Name Change (NC)
- [ ] Other: (PBOTH) _____

**REAL PROPERTY**
- [ ] Property Rights (PR)
- [ ] Condemnation (DOMAIN)
- [ ] Forcible Detainer (Eviction) (FD)
- [ ] Forcible Entry (FENTRY)
- [ ] Foreclosure (FCL)
- [ ] Other: (COOTH) _____

**APPEALS**
- [ ] Appeal from Administrative Agency (AB)
- [ ] Appeal from District Court (XI)
- [ ] Other: (OTH) _____

**MISC CIVIL**
- [ ] Habeas Corpus (HABEAS)
- [ ] Non-Domestic Relations Restraining Order (IP)
- [ ] Tax (TAX)
- [ ] Writs (WRITS)
- [ ] Other: (OTH) _____

**EMPLOYMENT**
- [ ] Employment-Discrimination (DSCR)
- [ ] Employment-Other (DISPU)

**BUSINESS / COMMERCIAL**
- [ ] Business Tort (BCPI)
- [ ] Statutory Action (BCSA)
- [ ] Business Contract Dispute (BCCO)
- [ ] Other: (BCOTH) _____

NO. 21CI02624                JEFFERSON CIRCUIT COURT
                                                                                                  DIVISION FOUR (4)

JENNIE V. WRIGHT, SAUL WRIGHT
ON BEHALF OF THEMSELVES AND AS GAURDIANS
AND NEXT FRIENDS OF MINOR CHILDREN J.L. AND B.B            PLAINTIFFS

VS.                              **COMPLAINT**

LOUISVILLE METRO GOVERNMENT c/m
AND UNKNOWN POLICE OFFICERS c/m                                  DEFENDANTS

Serve:

Louisville Metro Government
Mayor's Office
527 West Jefferson Street
Louisville, KY 40202

Louisville Metro Police Department
633 West Jefferson Street
Louisville, KY 40202

\*\*\* \*\*\* \*\*\*

       Comes the Plaintiffs Jennie V. Wright, Saul Wright, on behalf of themselves and as Next Friends and Guardians of J.L. and B.B. by counsel, and for their complaint against Louisville Metro Government and Unknown Officers of the Louisville Metro Police Department state as follows.

       1. The Plaintiffs are residents of Louisville, Kentucky and reside at 1732 Columbia Street, Louisville KY, 40203.

       2. Jennie V. Wright and Saul Wright are the guardians and next friends of two minor children residing in the residence. The children are referred to as J.L. and B.B. for purposes of this litigation. The events establishing the basis for this Complaint occurred when J.L was fifteen (15) years old and B.B. was sixteen (16) years old. Both children have modest developmental issues.

1

3. The Louisville metro Government is a legal governmental entity in Jefferson County, Kentucky.

4. The Louisville Metro Police Department is a governmental entity in Jefferson county, Kentucky.

5. The facts substantiating this Complaint occurred in Jefferson County, Kentucky.

6. The amounts Plaintiff seeks in this action exceed the jurisdictional limits of this court

7. The Plaintiff's are African Americans.

8. On the Morning of May7, 2020 at approximately 7:20 numerous Louisville Metro Police Officers arrived at the Plaintiff's residence.

9. When arriving at the Plaintiff's home, the Officers announced for the residents at 1736 Columbia Street to come outside because the officers had a search warrant.

10. At about 7:25 a.m. the officers and police trucks turned on their vehicles lights and again asked for the residents at 1736 Columbia to come out.

11. At 7:26 a.m. Plaintiff Saul Wright walks out of the house at 1732 Columbia Street in his underwear and without shoes. The officers immediately take Saul Wright into custody and place handcuffs on him. He was then held at the apartment building parking lot across the street.

12. Within the next few minutes Plaintiff Jennie V. Wright walks through the front door of 1732 Columbia Street. Jennie V. Wright is in her pajamas and without shoes. She is then handcuffed and seated in the parking lot across the street, alongside her husband.

13. The Police then walk to the front door and remove Minor Children J.L. and B.B. from the residence at gunpoint. The boys are taken from the residence in their underwear, without shoes,. The officers then place the boys across the street.

14. Numerous neighbors saw the Plaintiff's removed from the residence in their

undergarments or night clothes and placed videos on social media.

15. The Plaintiffs were detained and searched the Officers.

16. The officers searched the house and failed to find any evidence of illegal activity.

17. No charges were filed against any of the Plaintiffs.

18. The Officers searched the wrong house as evidenced by their repeated demands for the residents of 1736 Columbia to vacate the residence and the search warrant.

19. , Thus, the Officers committed numerous careless and neglectful actions by forcibly removing the home's residents at gunpoint, taking the Plaintiffs into custody while clothed in their undergarments and night clothes, and subsequently searching the house.

20. The Officer's actions were a clear violation of the Plaintiff's Civil Rights and caused significant emotional damage and humiliation.

21. The Officer's conduct should be redressed, since the Plaintiffs have suffered past, present, and future severe emotional distress as a result of the Police raid and the officer's subsequent actions.

22. The Minor children have enrolled in counseling and currently receiving treatment because of the incident.

## COUNT I FRAUD

23. Plaintiff reasserts all prior paragraphs as fully stated herein.

24. It is believed in the probable cause Affidavit; the unknown police officer represented the alleged illegal drug activity occurred 1736 Columbia Street.

25. The Officers subsequently searched the wrong residence.

26. Those representations were false, made willfully and/are in reckless disregard from the truth, and even the most basic due diligence would have revealed the statements as incorrect and inappropriate.

27. Nobody in the house was engaged in any illegal activity.

28. The search of the residence did not reveal any evidence of illegal activity.

29. The residents were taken into custody, despite the lack of any evidence of illegal activity.

30. The unknown officers in their official capacity and under color of law made materially false statements and admissions in obtaining the Warrant and its execution. The officer's actions are not protected by qualified immunity.

31. The officer's actions violated the Plaintiff's Fourth Amendment rights and 42 USC 1983.

## COUNT II UNKNOWN OFFICERS
## ILLEGAL SEARCH SEIZURE

32. Plaintiff reasserts all prior paragraphs previously stated herein.

33. The law requires that all entries, searches, and seizures with a Warrant must be executed in a reasonable matter.

34. It is completely unreasonable to execute a Warrant upon an incorrect address with little or no Sufficiency.

35. The officer's conduct was unreasonable and excessive.

36. The officer's conduct violated the Plaintiff's Fourth Amendment Rights to be protected from unreasonable searches and seizures and 42 U.S.C 1983.

## COUNT III METRO'S CUSTOM

37. Plaintiff reasserts and incorporates all prior paragraphs stated within this Complaint.

38. Louisville Metro Government and Police Department's policy, or custom regarding obtaining and executing a Search Warrant deprived the Plaintiff's Fourth Amendment Rights be protected of unreasonable search and seizure.

4

39. Based upon information and belief, the Metro Police Department failed to adequately train their officers regarding the process to obtain a Search Warrant and its subsequent execution, which is a violation of the Plaintiff's Fourth Amendment Rights.

40. Based upon information and belief, Metro failed to train its officers regarding executing Search Warrants to protect the citizens of Louisville Fourth Amendment Rights.

41. Louisville Metro Police Department's policy and customs results in issuance of Search Warrants predominately in African Americans' neighborhoods without the appropriate probable cause in an unreasonable manner, in clear violation of the Plaintiffs' Fourth Amendment Rights.

42. The Officer's conduct violated the Plaintiff's Fourth Amendment Rights and 42 U.S.C Sec.1983.

## COUNT IV STATE LAW CLAIMS

43. The Plaintiff reasserts and incorporates all prior paragraphs stated within this Complaint.

44. The unknown officers of Louisville Metro Police Department confined and held the Plaintiffs' against their own will depriving them of liberty without consent.

45. Thus, the unknown officers of Louisville Metro Police Department falsely imprisoned the Plaintiffs.

46. The unknown's officer's conduct was deliberate, unreasonable and with gross disregard of the Plaintiffs' Fourth Amendment Rights.

47. The unknown officer's conduct exceeded all reasonable bounds of decency and was outrageous and intolerable in a civilized community.

48. The conduct caused extreme emotional distress to the Plaintiffs.

49. The unknown officers are liable for official conduct pursuant to KRS. 522.020 and KRS. 466.070 because the officers attempted to obtain or confer a benefit or to injure the Plaintiffs by knowingly committing an act which constituted an unauthorized exercise of the officers' official police functions, or refrained from performing a duty imposed upon the officer by law, or violate any Statutes or any adopted rule relating to the conduct of police officers in the State of Kentucky.

50. The Defendants violated Section X of the Kentucky Bill of Rights and Constitution which demands citizens remain free from unreasonable search and seizure and of Warrants without appropriate probable cause.

## COUNT NO. V DAMAGES

51. Plaintiff reasserts and incorporates all prior paragraphs stated within this Complaint.

52. As a result of the Defendants' actions, the Plaintiffs suffered damages including past, present and future emotional injury.

53. The amount of the damages should be determined by a jury, including but not limited to punitive damages, reimbursement for damage to Plaintiff's property, and the victims' attorney's fees and cost, plus interest to the highest legal rate.

Wherefore, the Plaintiffs respectfully requests:

1. Trial by jury.

2. Judgment against the Defendants in the Plaintiffs' favor, including punitive damages, court costs and attorney's fees and interest at the highest legal rate.

3. The ability to amend this Complaint without leave of court.

4. Any and all other relief for which the Plaintiffs may be entitled.

Respectfully Submitted:

_____
HON. MARK HYATT GASTON
Attorney at Law
436 South 7th Street
Suite 100
Louisville, KY 40203-1981
502-583-5777

Commonwealth of Kentu
Jefferson County
David Nicholson
Circuit Court Clerk

Receipt Number: 09-0235580-A
DATE: 05/06/2021
TIME: 03:20 PM
*** (I1) CIRCUIT CIVIL-FILING WITH ATTORNEY TAX FEES ***
CASE NO: 21-CI-002624
RECEIVED FROM: MARK H. GASTON

ACCOUNT OF: WRIGHT VS LOU METRO

PARTY NAME: JENNIE V. WRIGHT

| | | |
|---|---|---|
| 1. | Civil Filing Fee (Q) | 150.00 |
| 2. | ATJ Fee (T) | 20.00 |
| 3. | Court Technology MCFO(K(CT)) | 20.00 |
| 4. | Library Fee (L) | 3.00 |
| 5. | Att Tax Fee MCFO(K(Q)) | 5.00 |
| | TOTAL: | $198.00 |
| | CHECK: | $198.00 |
| | ***DIFF: | 0.00 |

*** Check Number: 1665
*** Credit Card Invoice #:
Balance Due :

Prepared By: T. Allen
Pay Online Visit:
www.kycourts.gov and click on Pay Fine/Fee.
Filing (KYCOURTS)                Page 1 of 1

# JEFFERSON County
# Random Judge Assignment Report

**Court:** Circuit Court

**Requestor:** TERRI_ALLEN  **Reference/Case Number:** 21-CI-002624

**This Case has been Assigned to:** 4 **Division**

Hon. Charles L. Cunningham  630297

**Control Date/Time:** 05/06/2021  3:15:59PM

**Court:** Circuit Court

**Requestor:** TERRI_ALLEN  **Reference/Case Number:** 21-CI-002624

**This Case has been Assigned to:** 4 **Division**

Judge Charles L. Cunningham  630297

**Control Date/Time:** 05/06/2021  3:15:59PM

**Date Printed:** 05/06/2021    **Time Printed:** 3:15:59PM    **Page:** 1