## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | |
|---|---|
| **JENNIE V. WRIGHT, ET AL.** | **PLAINTIFFS** |
| v. | **NO. 3:21-CV-308-BJB** |
| **LOUISVILLE METRO GOVERNMENT, ET AL.** | **DEFENDANTS** |

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

The Wrights sued the Louisville Metro Government and several unknown officers for violations of their civil rights under federal civil-rights law—42 U.S.C. § 1983—and several state laws. The City moved to dismiss on the ground that the Wrights failed to state a claim for municipal liability under § 1983, as interpreted by the Supreme Court in *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691 (1978). The Court granted the City's motion and dismissed the federal claims against the City. DN 11. Although the federal claims against the officers and the state-law claims remain pending, the Wrights filed a notice of appeal. DN 13. The Wrights also filed a motion for a certificate of appealability on the *Monell* claims as well as the claims against the officers. DN 14. Relatedly, they asked to appeal *in forma pauperis*. DN 15.

Because not all of the claims have been dismissed, the Court's dismissal order is not a final judgment. So any appeal of the *Monell* ruling would be interlocutory—that is, preliminary to the trial court's final resolution of the whole controversy. And the Wrights have nothing to appeal regarding the other claims, because the Court hasn't taken any action regarding them. But for this appeal, those claims would proceed to discovery.

In some circumstances courts may allow an interlocutory appeal, but that generally requires an "exceptional and extraordinary" showing. *Big Rivers Electric Corporation v. Schilling*, 266 B.R. 100, 104 (W.D. Ky. 2000); *Kraus v. Bd. of Cty. Rd. Comm'rs for Kent County*, 364 F.2d 919, 922 (6th Cir. 1966). Courts ask whether an issue "[1] involves a controlling question of law to which there is [2] substantial ground for difference of opinion," and whether "[3] an immediate appeal may materially advance the termination of the litigation." *In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017) (quoting 28 U.S.C. § 1292(b)). The party seeking to appeal bears the burden of justifying an interlocutory appeal. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

The Wrights have done nothing to carry that burden here. All their motions do is argue the merits of both the *Monell* claims and the undismissed claims against the

officers.  DN 14.  For the reasons explained in this Court's order of dismissal, no substantial ground for a difference of opinion exists with respect to the *Monell* claims; the pleadings did not even allege that the city was deliberately indifferent.  *Compare* Complaint (DN 1-1) ¶¶ 37–42, *with, e.g.*, *Sistrunk v. City of Hillview*, No. 3:20-cv-406, 2021 WL 1601093, at *3–4 (W.D. Ky. Apr. 23, 2021); *Campbell v. City of Springboro*, 700 F.3d 779, 794 (6th Cir. 2012).  Instead of addressing any of the interlocutory-appeal factors, moreover, the Wrights' motions in this civil suit cite the inapplicable certificate-of-appealability standard that applies in habeas cases.  DN 14 at 2 (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)).*

So the Court must deny the motion for a certificate of appealability (DN 14).

Benjamin Beaton, District Judge
United States District Court

February 25, 2022

---

* Although the docket lists a lawyer appearing on behalf of the Wrights, one of the plaintiffs—Jennie Wright—signed this filing as "pro se of record."  DN 14 at 4.  Counseled parties, however, typically lack any basis to make a pro se filing.  *ABRO Mortgage Group, Inc. v. Smith*, No. 1:06-cv-36, 2006 WL 2035542, at *1 (S.D. Ohio July 18, 2006) ("Ordinarily, a court will not consider pro se submissions from a party represented by counsel.").  This filing, moreover, raises objections to the effectiveness of plaintiff's counsel.  This may be a subject appropriate to raise with the Magistrate Judge as the case progresses.