# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

JENNIE V. WRIGHT, ET AL.                                    PLAINTIFFS

V.                                              NO. 3:21-CV-308-BJB

LOUISVILLE METRO GOVERNMENT, ET                            DEFENDANTS
AL.

* * * * *

## MEMORANDUM OPINION AND ORDER

Plaintiffs Jennie and Saul Wright allege that Louisville Metro Police Department officers illegally entered their home and unlawfully took them into custody on May 7, 2020. Complaint (DN 1-1) ¶¶ 8–13, 19—20. On May 6, 2021—the day before the state and federal statutes of limitations would've expired in the normal course—the Wrights filed a lawsuit accusing the Louisville Metro Government and "Unknown Police Officers" of violating their civil rights under 42 U.S.C. § 1983 and various state laws. *Id.* More than three years later, on June 13, 2023, the Wrights (by now proceeding *pro se*[1]) moved to add the names of six officers as "some of the unknown police officers" listed in their original complaint. Motion for Leave to Amend Complaint (DN 39). Because the amended claim named these officers as defendants after the statute of limitations had expired, the Court grants their motion to dismiss (DN 55), dismisses the remaining claims against the "Unknown Police Officers," and denies the remaining motions as moot.

*

The six added officers are the only named Defendants left in this case; the Court granted Louisville Metro's motion to dismiss in 2022. *See* DN 11. The remaining Defendants now contend that they, too, should be dismissed because the claims against them are untimely.

The statute of limitations for § 1983 actions is governed by the limitations period for personal-injury cases in the state where the cause of action arose. *Wallace v. Kato*,

---

[1] The Wrights' representation in this lawsuit has shifted—at times in an unclear manner. For the first nine months, their lawyer filed all pleadings with the Court. In February 2022, however, Jennie Wright began directly filing their notices and motions. *See* DNs 13–15, 19, 22, 24. As a result, the Court ordered the Plaintiffs' counsel to clarify his continued involvement in the case. *See* DN 25. He sought to withdraw (DN 26) in January 2023, the Magistrate Judge granted that request that same month (DN 28), and the Wrights entered a notice of appearance to proceed *pro se* (DN 33) in March 2023. The Court affords the filings prepared without the assistance of counsel—but not those submitted by counsel—all the leniency that normally attends *pro se* submissions.

549 U.S. 384, 387 (2007). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "Although state law provides the statute of limitations to be applied in a § 1983 damages action, federal law governs the question of when that limitations period begins to run." *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005) (quoting *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984)). It begins when the plaintiff knew or should have known of the injury forming the basis of the claim. *See Ruiz-Bueno v. Maxim HealthCare Servs.*, 659 F. App'x 830, 833–34 (6th Cir. 2016) (citing *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007)). Likewise, Kentucky requires the state-law claims at issue here[2] to "be commenced within one year after the cause of action accrued." Ky. Rev. Stat. § 413.140(1)(a); *see, e.g.*, *Murray v. Jones*, No. 6:20-cv-82, 2022 WL 821662, at *3 (E.D. Ky. Mar. 17, 2022) (applying § 413.140(1)(a)'s one-year limitations period to negligence *per se* claim based on criminal violation).

Here, the one-year limitations period began to run on May 7, 2020, when Louisville Metro Police Department officers allegedly entered the Wrights' home with a fake search warrant. Amended Complaint (DN 42) at 1–3. In April 2023—almost three years later—the "unknown police officers" in the case remained unnamed and unserved. So the Magistrate Judge ordered the Wrights—who had begun to represent themselves *pro se* by then—to "take appropriate action … to discover the names of the unknown officers referenced in their Complaint" and "to amend their Complaint to add those officers as defendants, and to validly serve those officers with process." Discovery & Amendment Order (DN 37) at 11. That order didn't address the statute of limitations.

In response, the Wrights moved to amend their Complaint to "add six additional defendants" in June 2023. Motion for Leave to Amend Complaint at 1. But because this amendment arrived years after the cause of action accrued, the limitations period had already expired. Unless the Wrights can extend or evade the statute of limitations, therefore, it bars the Wrights' claims against these new defendants. *See Cox v. Treadway*, 75 F.3d 230, 240 (1996) ("[N]ew parties may not be added after the statute of limitations has run ….").

The Wrights argue that the amended complaint is timely because it "relates back" to the original pleading date under Federal Rule of Civil Procedure 15(c)(1). Response to Motion to Dismiss (DN 56). But none of Rule 15(c)(1)'s three prongs apply here. An amendment "relates back to the date of the original pleading" if: (A) "the applicable statute of limitations allows relation back;" (B) "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out … in the original

---

[2] The Wrights' initial complaint included a state-law claim against the unknown officers "pursuant to KRS 522.020 and KRS 466.070." State Court Complaint (DN 1-1) at 6. The Wrights didn't include any state-law claims in the Amended Complaint, so presumably they are no longer pressing those claims. In any event, a "K.R.S. 466.070" doesn't appear to exist as part of the current codification of the Kentucky Revised Statutes. The Court takes the State Court Complaint to mean K.R.S. 4̲46.070, which allows individuals to file civil claims based on statutory violations—here, a violation of the criminal statute prohibiting official misconduct, K.R.S. § 522.020. Regardless, as discussed above, both §§ 522.020 and 446.070 are subject to a one-year statute of limitations and fail for the same reason as the Wrights' § 1983 claim.

pleading;" or (C) "the amendment changes the party or the naming of the party" and "the party to be brought in" received notice and "knew or should have known that the action would have been brought against [him], but for a mistake concerning the proper party's identity." FED. R. CIV. P. 15(c)(1).

The first prong doesn't apply because Kentucky's statute of limitations is silent on relation back. *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 320 (6th Cir. 2010) ("[H]ad the Kentucky legislature wanted the claims of untimely plaintiffs to escape the time bar in [this statute], it would have spoken."). Nor does the second prong apply; it concerns added claims or defenses, not added *parties*. *Id.* at 318.

The third prong is closer, but still fails to connect the newly added defendants to the original (timely) filing. The Wrights frame their amendment as a case of "mistaken identity." Response to Motion to Dismiss at 3. Rule 15(c) does cover such cases in some circumstances. *See, e.g.*, *Oh Huff v. Casey County*, No. 1:23-cv-102, 2024 WL 1815365, at *2–4 (W.D. Ky. Apr. 25, 2024) (applying Rule 15(c) because the initial complaint incorrectly named the Casey County Sheriff). But the sort of "mistake" that may be fixed under Rule 15(c)(1)(C) is not the kind of omission at issue here. Rule 15(c)(1)(C) permits "parties to correct misnomers or misdescriptions," but doesn't allow "the addition of a party after the limitations period has run." *Kelter v. WASP, Inc.*, 5 F. Supp. 3d 856, 864 (W.D. Ky. 2014); *see Smith v. City of Akron*, 476 F. App'x 67, 68–69 (6th Cir. 2012).

The Wrights' amendment didn't correct a mistake; it added new parties. This forecloses their limitations argument, because "an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations." *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991) (quotation omitted). Replacing "John Doe" and similar pleading placeholders constitutes a change of parties that is not covered by Rule 15 relation-back, as many courts have held. *See, e.g.*, *Moore v. Tennessee*, 267 F. App'x 450, 455 (6th Cir. 2008) (citing precedent to this effect from seven sister circuits). Rule 15 "allows relation back for the mistaken identification of defendants, not for defendants to be named later through 'John Doe,' 'Unknown Defendants' or other missing appellations." *Zakora v. Chrisman*, 44 F.4th 452, 482 (6th Cir. 2022). A "John Doe" placeholder serves a different purpose: allowing plaintiffs to file suit, "learn who the responsible individuals were," and then "join them before the statutes r[u]n." *Wiggins v. Kimberly-Clark Corp.*, 641 F. App'x 545, 549 (6th Cir. 2016).

The Wrights didn't mistakenly name the wrong defendants or misidentify them when they used "unknown police officers." They simply failed to identify the defendants at all. So when they added the officers' names via amendment, the caselaw cited above makes clear that they didn't correct a "mistaken identification" but instead added new parties. Rule 15(c) doesn't apply to that situation. Without any help from Rule 15 or

any other argument to circumvent the statute of limitations, the new parties appeared in the amended complaint too late to survive the officers' limitations defense.[3]

Because "relief is barred by the applicable statute of limitations," the Wrights' claims against the newly added Defendants are "subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007). The Court grants the named Defendants' motion to dismiss and dismisses the claims against them with prejudice. This outcome may understandably appear harsh from the perspective of a *pro se* litigant who responds to an order to discover the identities of unknown officers, *see* Discovery & Amendment Order at 11, only for those officers to defeat claims based on the timing of their identification. But statutes of limitations are legal commands that protect the due-process rights of defendants—just as relation-back and other doctrines protect the rights of plaintiffs. Neither is a mere technicality, *Board of Regents of Univ. of State of N. Y. v. Tomanio*, 446 U.S. 478, 487 (1980), and neither may this Court ignore. *See Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 352 (1983) (statutes of limitations "are intended to put defendants on notice of adverse claims and to prevent plaintiffs from sleeping on their rights"). In any event, here the limitations period passed while the Wrights were still represented. *See* above n.1.

**\* \***

Whether the amended complaint purported to substitute the named officers for the "Unknown Police Office[r]" Defendants or instead to add them as new Defendants (leaving the Does unchanged) is not clear from the Amended Complaint or the Motion to Amend that the Magistrate Judge granted. *See* DNs 39, 41. Even if the "Unknown Police Officers" technically persist as Defendants in this case, notwithstanding the Wrights' efforts to substitute known police officers in their place, the claims against the remaining Doe Defendants also warrant dismissal. Federal Rule of Civil Procedure 4(m) provides a 90-day time limit for service after a complaint is filed. When a plaintiff has missed that window and had "ample time" to determine the identities of "John Doe" defendants, a court may dismiss the defendants from the lawsuit. *See Petty v. County of Franklin*, 478 F.3d 341, 345 (6th Cir. 2007), *abrogated on other grounds by Bailey v. City of Ann Arbor*, 860 F.3d 382, 389 (6th Cir. 2017). Because the Wrights have had three years to identify any other "unknown police officers," yet have missed the window to serve them, the Court dismisses the claims against them. *See, e.g., Carpenter Crest 401 v. Converti*, No. 15-cv-2004, 2017 WL 3190787, at *4 (D. Ariz. July 27, 2017) (dismissing claims against the only remaining defendant—a "John Doe" defendant—for failure to prosecute, and accordingly entering "full and final judgment" in the action).

---

[3] In some circumstances the doctrine of equitable tolling mitigates the harshness of limitations periods and provides an alternate path for excusably tardy plaintiffs. That doctrine requires a "good excuse" to justify delay. *Zakora*, 44 F.4th at 482. The Wrights haven't invoked equitable tolling or provided any other excuse or explanation for their three-year delay. Nor is any such reason apparent to the Court. To be sure, the Magistrate Judge granted the Wrights' request to amend their complaint. But that purely procedural ruling didn't purport to foreclose the limitations defense raised by the officers in their motion to dismiss the claims newly levied against them.

* * *

While the motion to dismiss remained pending, the Wrights moved to disqualify the judge currently assigned to this case.  28 U.S.C. § 455(a) requires a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  "[D]isqualification under section 455(a) must be predicated … upon extrajudicial conduct rather than on judicial conduct." *United States v. Story*, 716 F.2d 1088, 1091 (6th Cir. 1983) (citation omitted).  Extrajudicial conduct concerns only "personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003) (citation omitted).  A challenged judge may rule on the motion for his or her own disqualification or recusal.  *See Easley v. Univ. of Mich. Board of Regents*, 853 F.2d 1351, 1355–56 (6th Cir. 1988).

The Wrights' motion to disqualify provides no real reason—whether extrajudicial or otherwise—for recusal of the undersigned judge under 28 U.S.C. § 455.  Indeed, they refer to no bias at all.  Instead, the motion notes their dissatisfaction with the discovery process in this case.  That obviously doesn't bear on any extrajudicial conduct.  And no source or perception of bias—of any sort—is apparent.  So the Court denies the motion to disqualify.

* * * *

Three motions remain on the docket: a motion for more definite statement by the named officers (DN 54), a motion for summary judgment or for settlement conference by the Wrights (DN 66), and a motion for judgment on the pleadings by all named defendants (DN 67).  Because the Court has now dismissed all remaining claims, it denies these remaining motions as moot.  A separate final judgment will follow.

Benjamin Beaton, District Judge

United States District Court

September 19, 2024